■ ANGELO J. BENNECI, Petitioner, v. STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Motion to amend title of the petition granted, and order of the State Human Rights Appeal Board, dated December 17, 1971, unanimously confirmed, without costs and without disbursements, and the petition dismissed. No opinion. Concur — Markewich, J. P., Nunez, Kupferman, Steuer and Tilzer, JJ.

■ JUAN CABRERA, an Infant, by the Guardian of His Person and Property TSIRIAS DE JS CABRERA et al., Respondents, v. SAM HEISS et al., Appellants.— Order, Supreme Court, New York County entered on June 7, 1971, granting plaintiffs leave to file a supplemental bill of particulars, affirmed, with $30 costs and disbursements to abide the event. There is here no abuse of discretion by Special Term. The amendment to the bill of particulars merely allows the infant plaintiff to set forth his predisposition and aggravation of a pre-existing condition — hypertension. The issue of the cause and effect of his condition arose in April, 1971, *after* the filing of the note of issue and statement of readiness. Immediately upon discovering that an impartial panel doctor reported that, in his opinion, the hypertension (which had been set forth in the original bill of particulars as a consequence of the accident) was secondary to bilateral nontraumatic intrinsic renal disease and not related to the accident, plaintiff was examined by another physician who reported "that the accident was of sufficient extent to have aggravated his hypertension". The application to serve the supplemental bill of particulars followed without delay. We find no justification to depart from the general policy of the courts to freely permit amendments of pleadings, including bills of particulars, in advance of trial. (*Harriss* v. *Tams*, 258 N. Y. 229; *Holgen Bros.* v. *Beekman Hosp.*, 267 App. Div. 815.) The appeal from the order entered on June 21, 1971, denying reargument, is dismissed as not appealable, without costs and without disbursements. Concur — Nunez, J. P., Kupferman and Tilzer, JJ.; McNally, J., dissents in the following memorandum: In the instant case no special circumstances were shown. The initial bill of particulars makes reference to records of all periods of hospitalization at that time and when the statement of readiness was filed. This action was originally commenced in the Civil Court and the report of the impartial medical expert indicates that the records do not justify the claim that plaintiff's hypertension was a result of the accident. The motion should be denied.